IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


ERCELL MANUEL, JR., #190839,      :

     Plaintiff,                 :

vs.                           :     CIVIL ACTION 17-0157-WS-N

JOHN FURMAN, et al.,        :

     Defendants.         :


## REPORT AND RECOMMENDATION

Plaintiff Ercell Manuel, Jr., an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful review, it is recommended that, prior to service of process, this § 1983 action be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Complaint and Proceedings.**

Manuel filed his complaint on this Court's § 1983 complaint form against the State of Alabama and John Furman, Assistant District Attorney for Mobile County, Alabama.  (Doc. 1 at 5-6).   He alleges that his conviction is illegal and that in Mobile County Municipal Court, the court and the State committed constitutional violations when evidence was suppressed by the State, which "was known by the court/trial court."  (Id. at 5).  This caused him to be convicted again at his re-trial.  (Id.).  Manuel states that he is incarcerated on a life sentence for a murder conviction which he

1

received in September or October, 1998, after a second trial.  (Id. at 4, 7).

For relief, Manuela requests "relief of conviction or sentence which consist of release or reduc[tion] to a lesser charge and sentence which is deserve[d], due to evidence that exist in the case, through documents."  (Id. at 7).  And he makes a general statement that he wants "declaratory damages" and injunctive relief authorized by 28 U.S.C. § 2283[1] and § 2284[2] and Rule 65 of the Federal Rules of Civil Procedure.  (Doc. 1-1 at 1).

To support his complaint's allegations, Manuel attached his "memorandum in support thereof" bearing case number cc 96-3172.  (Doc. 1-1).   In it, he alleges that his claims arose in the Mobile County Circuit Court.  (Id. at 1).  After Manuel had been released on bond, the court and the State prosecuted him in October, 1998.  (Id. at 2).  In this second trial, he maintains that defendants failed to stop the trial or nol-pros the charges after hearing that the State's witness "tampered with the crime scene by removing off or from the possession of the decease[d] (evidence of a weapon)."  (Id.).  Manuel contends that he was deprived of a fair and impartial trial when the State suppressed, before the grand jury and in pretrial motions, evidence of the witness tampering with the scene before the arrival of authorities, which was not discovered until trial.  (Id.).   The denial of a fair and impartial trial allegedly continued when the State's witness from the first trial was subpoenaed to testify at the second trial where "those witness[es] testified that they removed essential and favorable evidence of the Plaintiff off and from the possession of the deceased[,]" which denied his right to confront or cross-examine.  (Id.).  His rights were further violated when the forensic

---

[1]  This statute provides: "A court of the United States may not grant an

[2]  Section 2284 is concerned with the appointment of three-judge panels in certain actions, which is not applicable to the action at hand.

2

experts who testified at the first trial were not allowed to testify at the second trial. (Id. at 3).

Manuel continues that his constitutional rights were violated when the trial court deluded the jury in its instruction on the offense of manslaughter when the jury in both trials asked the court to define manslaughter. (Id.). In the second trial, when the jury asked for the manslaughter definition, the court intentionally omitted the essential element of the charge – provocation, even though the evidence at trial supported it. (Id.). And the trial court violated his rights when it replaced "reasonable doubt" with "moral certainty." (Id. at 3).

At sentencing, Manuel asserts that the trial court violated his constitutional rights when he was sentenced again to the same maximum term of imprisonment, even though his sentence was reversed and remanded for an improper jury instruction. (Id. at 2). The trial court gave no explanation, and there was no presentence investigation report. (Id.). He argues that a sentence is void when the record does not show the reason for the same maximum sentence at re-trial. (Id.). The trial court further allegedly violated his rights when at the status hearing before the second trial, it stated in open court that because Manuel did not accept the plea, he would be sentenced to the maximum term of imprisonment if found guilty. (Id.).

With respect to his post-conviction proceeding and its appeal, Manuel claims he was denied access to the courts when his appellate attorney intentionally filed the petition outside the statute of limitations and filed an affidavit to the court of appeals stating that Manuel should be awarded relief and to ignore his error. (Id.).

Another prayer for relief is included in the attachment. Manual wants a declaration that the described acts violated the Constitution and laws of the United

3

States, and a preliminary and permanent injunction ordering defendant Furman to reduce the charge to manslaughter "and to the maximum sentence." (Id. at 5).

Upon review of Manuel's complaint, the Court construed it as a habeas petition because he was challenging his conviction and/or sentence and ordered him to file a petition for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 4). Manuel responded that he is procedurally barred and is not litigating his conviction or sentence but is bringing to the Court's attention violations of his constitutional rights. (Id.). He asks the Court to withdraw its order and let his action proceed as a § 1983 action, as he has suffered for more than twenty years for his wrongful conviction and sentence. (Id.).

In light of Manuel stating that he is procedurally barred, the Court examined PACER (Public Access to Court Electronic Records) and discovered that he has filed three habeas petitions, namely, Manuel v. Ferrell, CA No. 03-0134-CG-L (S.D. Ala. 2004) (dismissed as time-barred);[3] Manuel v. Thomas, CA No. 06-0255-BH-M (S.D. Ala. 2006) (second petition dismissed for lack of jurisdiction to review a successive petition), appeal denied, No. 06-15488-B (11th Cir. 2007); Manuel v. Danford, CA No. 12-0207-CG-N (S.D. Ala. 2013) (third petition dismissed for lack of jurisdiction to review a successive petition), appeal denied, No. 14-11489-C (11th Cir. 2014). In addition, he filed Manuel v. Brown, CA No. 07-0538-BH-B (S.D. Ala. 2008) (voluntarily dismissed his § 1983 action filed against appellate counsel); and Manuel v. Alabama, CA No. 13-0824-MEF-SRW (M.D. Ala. 2014)(petition for writ of mandamus dismissed for lack of jurisdiction).[4] Thus, the Court will treat Manuel's action as one arising under 42 U.S.C.

---

[3] "A court may take judicial notice of its own records and the records of inferior courts." United States v. Glover, 179 F.3d 1300, 1302 n. 5 (11th Cir.1999)

[4] In view of this information about his prior cases discovered in PACER, the Court finds that Manuel's response to the complaint form's question about his

§ 1983 inasmuch as he intends to bring it under § 1983 and relief through a habeas petition apparently is unavailable to him.

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Manuel is proceeding in forma pauperis, the Court is reviewing his § 1983 complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[5]  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

filing other lawsuits in state or federal court relating to his imprisonment are not truthful.  (Doc. 1 at 3).  The failure to list prior cases results in a finding that the present case is malicious and is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), when the statute of limitations has not run.  Pinson v. Grimes, 391 F. App'x 797 (11th Cir.)(unpublished), cert. denied, 562 U.S. 1013 (2010); see Schmidt v. Navarro, 576 F. App'x 897, 899 (11th Cir. 2014) (unpublished) (finding that the statute of limitations had not expired).  This ground is another reason on which this action could be dismissed.

[5]  Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 566 U.S. 662.  The court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  Id. at 681, 129 S.Ct. at 1951.  In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III.  Analysis.**

**A.  Defendant State of Alabama.**

In reviewing a § 1983 action, one of the first things to which the Court's turns its attention is the defendants.  The first defendant named by Manuel is the State of Alabama.  This defendant's name is discreetly written after "Defendant(s)" in Section III(B).  (Doc. 1 at 5).  In order to state a claim in a § 1983 action, a plaintiff must show that "the conduct complained of (1) was committed by a person acting under color of

state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156-57 (1978)) (emphasis added). In a § 1983 action, the State of Alabama and its "arms" are not considered "persons." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Inasmuch as defendant State of Alabama is not a "person" for § 1983 purposes, Manuel's claim against defendant State of Alabama is frivolous as a matter of law, and the State of Alabama is due to be dismissed.

Furthermore, the Eleventh Amendment "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a state's consent. Alabama v. Pugh, 438 U.S. 781, 781, 98 S.Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978) (ruling the Eleventh Amendment barred any action against the State). The two exceptions to a state's sovereign immunity are if the state has waived its immunity or Congress has abrogated the state's immunity. Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253, 131 S.Ct. 1632, 1637-38, 179 L.Ed.2d 675 (2011); Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990). Alabama, though, has not waived its Eleventh Amendment immunity. Pugh, 438 U.S. at 782, 98 S.Ct. at 3057-58 (finding Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its consent in any suit in "law or equity"); Carr, 916 F.2d at 1525 (same). Nor has Congress in § 1983 abrogated a state's Eleventh Amendment immunity. Id. (citing Quern v. Jordan, 440 U.S. 332, 345(1979)); Sessions v. Rusk State Hosp., 648 F.2d 1066, 1069 (5th Cir. June 26, 1981). For this alternate reason, the State of Alabama is due to be dismissed with prejudice, as the claims against it are frivolous.

7

**B. Defendant John Furman.**

The other named defendant is John Furman, an assistant district attorney. If Manuel sought monetary damages from defendant Furman in this § 1983 action, defendant Furman would be entitled to absolute prosecutorial immunity from damages since the claims are against him are based on acts that "were intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); Rehberg v. Paulk, 566 U.S. 356, 363, 132 S.Ct. 1487, 1503, 182 L.Ed.2d 593 (2012) (when functioning as an advocate for the state, a prosecutor is immune). Thus, the damages claims against Furman would be dismissed as frivolous. Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000).

However, prosecutorial immunity does not extend to claims for injunctive or declaratory relief. Id. Claims for injunctive or declaratory relief, thus, theoretically could proceed against defendant Furman. Maps v. Miami Dade State Attorney, ___ F. App'x ___, 2017 WL 1958693, at *2 (11th Cir. May 11, 2017) (unpublished). Except that injunctive and declaratory relief claims cannot proceed in a § 1983 action if the state inmate in his claims is challenging the fact or duration of his confinement. Id. "It is well established that an inmate in state custody 'cannot use a § 1983 action to challenge the fact or duration of his confinement' and instead must seek federal habeas corpus or appropriate state court relief." Id. (quoting Wilkinson v. Dotson, 544 U.S. 74, 78, (2005)).[6]

In the present action, Manuel requests relief from his conviction and/or sentence through release or a reduced charge or sentence (doc. 1 at 7) and a preliminary and a

---

[6] The Maps Court affirmed the district court's dismissal of the portion of the § 1983 complaint based on Maps' request for injunctive relief. 2017 WL 1958693, at *2.

permanent injunction ordering defendant Furman to reduce his charge to manslaughter "and to the maximum sentence." (Doc. 1-1 at 5). These requests for injunctive relief "are in the nature of habeas corpus claims – i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release[.]" Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). "[D]eclaratory or injunctive relief claims that challenge the validity of the claimant's conviction or sentence and seek release—are simply not cognizable under § 1983." Id. Because such claims simply are not recognized under § 1983, they are subject to dismissal. Id.

In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Court held that even though the broad terms of § 1983 may appear to cover challenges to an underlying conviction and sentence, the specific habeas corpus statute enacted by Congress for the purpose of challenging the underlying conviction and sentence is the exclusive remedy. Id. at 489, 93 S.Ct. at 1836. A challenge that "goes directly to the constitutionality of . . . physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration" must be addressed in a habeas action. Id.

Furthermore, the Court in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), "specifie[d] that a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." Wilkinson, 544 U.S. at 81, 125 S.Ct. at 1248. The Heck Court denied the existence of a § 1983 cause of action for damages that would invalidate a conviction or sentence that had not previously been invalidated. Heck, 512 U.S. at 487, 114 S.Ct. at 2372. The Heck Court analogized the situation to an action for malicious prosecution which "does not accrue until the criminal proceedings have

terminated in the plaintiff's favor," and held "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Id. at 489, 114 S.Ct. at 2374.  Later, in Wilkinson, supra, the Court determined that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  544 U.S. at 81-82, 125 S.Ct. at 1248 (emphasis added).

In the present action, Manual's § 1983 claims challenging his conviction and sentence are due to be dismissed with prejudice as frivolous because at this time they are not recognized under § 1983.  Wells v. Attorney General, Fla., 470 F. App'x 754, 756 (11th Cir. 2012); see Abella, 63 F.3d at 1066 (dismissing claims with prejudice).  In addition, the Court cannot consider Manuel's complaint as a habeas corpus petition because it would be a successive habeas petition, which this Court is without jurisdiction to review because Manuel did not present an order from the Eleventh Circuit Court of Appeals granting authorization to this Court to consider his habeas claims.  Wells, 470 F. App'x at 756; Pugh v. Smith, 333 F. App'x 478, 480 (11th Cir. 2009) (same).[7]

---

[7] In Wilkinson, supra, Justice Scalia in his concurrence stated,

> Thus, for example, a prisoner who wishes to challenge the length of his confinement, but who cannot obtain federal habeas relief because of the statute of limitations or the restrictions on successive petitions, §§ 2244(a), (b), (d), cannot use the unavailability of federal habeas relief in his individual case as grounds for proceeding under § 1983. Cf. *Preiser, supra,* at 489–490, 93 S.Ct. 1827 ("It would wholly frustrate explicit congressional

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that, prior to service of process, this § 1983 action be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

---

intent to hold that [state prisoners] could evade [the exhaustion] requirement by the simple expedient of putting a different label on their pleadings").

544 U.S. at 87-88, 125 S.Ct. at 1251.

11

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this  28ᵗʰ day of June, 2017.

/s/ Katherine P. Nelson

_____

UNITED STATES MAGISTRATE JUDGE